Opinion by
Morrison, J.,
An examination of the record does not disclose any such error on the part of the learned judge below as calls for a reversal. This appeal rests on the ground that the court erred in opening all of the judgment in excess of $1,282.65 (which includes attorney’s commission) and the reason the learned counsel advances in support of his position is that the plaintiff association is a Virginia corporation and *24 that the receiver has the right in adjusting the affairs of said insolvent corporation to charge usurious interest. In other words, we understand the counsel to concede that if the calculation is to be made at six per centum interest in accordance with the law of Pennsylvania, then the court reached a correct conclusion.
We fail to find in this record affirmative proof that will enable the receiver in winding up the affairs of this insolvent association to charge more than the lawful rate of interest in Pennsylvania. Upon this question the presumption is that the law is the same in Virginia as it is in Pennsylvania where the matter is being litigated: Bollinger v. Gallagher et al., 144 Pa. 205. The law of another state will be presumed to be the same as that of the forum in the absence of evidence of the contrary: Keystone Wrapping Machine Co. v. Bromeier, 42 Pa. Superior Ct. 384.
While it is made quite clear that the plaintiff is a Virginia corporation, yet we do not find in the record affirmative proof that its receiver is entitled to collect usurious interest in winding up its affairs in this state. As we understand the facts in the present case the plaintiff has no just grounds of complaint.
The assignment of error is overruled and the decree is affirmed.